UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| ARDETH CONDEY FINLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 17-54-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| DON BOTTOM, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Ardeth Condey Finley, Jr., has filed a *pro se* complaint under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must conduct a preliminary review of Finley's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government defendants. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Finley's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In 1993, Finley was convicted of two counts of first-degree sodomy committed against his sons, and was sentenced to a cumulative term of 100 years imprisonment. *Finley v. Densford*, 90 F. App'x 137 (6th Cir. 2004). Finley has sought federal habeas relief from his convictions in this

Court on several occasions, without success. *Finley v. Million*, No. 2: 99-CV-200-WOB-JGW (E.D. Ky. 1999); *Finley v. Crews*, No. 2: 11-CV-66-GFVT-JGW (E.D. Ky. 2011).

He has also filed several civil complaints against the judges, prosecutors, and other participants involved in his criminal prosecution, seeking his release from custody, damages, or both. These claims have been dismissed as barred pursuant to *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994). See *Finley v. Densford*, No. 2: 03-CV-120-WOB (E.D. Ky. 2003), *aff'd*, 90 F. App'x 137 (6th Cir. 2004). In a later civil suit he filed with one of his sons as a co-plaintiff, they:

> … allege that they have obtained new medical and psychiatric evidence from 2002 through 2004. They allege that the new evidence proves that the criminal charges filed against Finley Jr. in 1993 were a cover-up for child abuse that employees of two psychiatric hospitals for children in Cincinnati committed against Finley III between 1988 and 1994, the period of time during which Finley III was a patient in those hospitals.

*Finley v. Shultz*, No. 2: 05-CV-112-DLB, 2005 WL 2386225, at *1 (E.D. Ky. Sept. 27, 2005). The Court dismissed those claims because they were barred by *Heck* and because the *Rooker-Feldman* doctrine, "a combination of the abstention and res judicata doctrines," precluded a federal court from considering them. *Id*. at *3-5.

Filed more than a decade later, Finley's present 120-page handwritten complaint in this case asserts a species of the same claim. In his complaint, Finley alleges that unnamed state and federal judges, at both the trial and appellate level, have violated his constitutional rights for more than two decades by conspiring to cover up the actions of doctors at two psychiatric hospitals in Cincinnati, Ohio, who allegedly force children to take unneeded antipsychotic medication. [R. 1 at 1-3, 113-18] Interspersed throughout Finley's complaint are repeated criticisms of his criminal prosecution, conviction, and post-conviction proceedings on numerous habeas grounds, including judicial bias, prosecutorial misconduct, and ineffective assistance of counsel. Cf. [R. 1 at 6-23,

2

34-48, 73-93] At bottom, Finley contends that his 1993 convictions were procured by the efforts of his ex-wife and psychiatrists through intimidation and coerced medication to force his son to provide false testimony implicating him in the crimes charged. Cf. [R. 1 at 26-28, 49-69] Finley characterizes his allegations as setting forth a claim under RICO, which he purports to assert on behalf of himself and thousands of children treated at the two hospitals from 1986 to the present. For relief, he seeks an order compelling state officials to provide him with a copy of his son's medical records, as well as a referral of this matter to a "special grand jury" and the Federal Bureau of Investigation. [R. 1 at 118-120]

Finley alleges that state and federal judges have violated his constitutional rights, which would suggest that he wishes to assert claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). But he instead characterizes his complaint as asserting claims under RICO. [R. 1 at 1] RICO provides a private remedy to "[a]ny person injured in his business or property by reason of a violation" of the Act's criminal prohibitions. 18 U.S.C. § 1964(c). RICO's criminal provisions provide, in part, that it is a crime for a person to invest any income he or she derived from a pattern of racketeering activity into an enterprise engaged in interstate commerce. 18 U.S.C. § 1962(a). The statute sets forth dozens of acts which constitute "racketeering activity" for purposes of RICO. 18 U.S.C. § 1961(1).

However, Finley has failed to sufficiently allege either an "enterprise" or "racketeering activity" under 18 U.S.C. § 1962. He does not identify the acts, actors, or victims at anything approaching the required level of specificity for the court to determine if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Finley's complaint is utterly devoid of details setting forth

the who, what, when, or how of the enterprise or its activities as required by well-established precedent interpreting the civil RICO statute, 18 U.S.C. § 1964. Finley's allegations manifestly fail to state a claim under the civil remedy provisions of the RICO statute, and the complaint must be dismissed. Cf. *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 854 (N.D. Ohio 2010).

His complaint fares no better if the Court liberally construes his statement that the defendants violated his constitutional rights as attempting to assert claims under Section 1983 or *Bivens*. Finley named as defendants in this action "Don Bottom, Warden, State Courts, Federal District and U.S. 6th Circuit Court of Appeals, et al." [R. 1 at 1] However, Finley's complaint is devoid of any factual allegations at all against Warden Bottom, and therefore fails to state a claim against him. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (civil rights complaint must allege that defendant was personally involved in the conduct complained of) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). In addition, state and federal courts are instrumentalities of the state and federal government respectively; they are not "persons" within the meaning of Section 1983 and are entitled to sovereign immunity from suit. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-78 (1994).

Lastly, as Finley has been advised before, he may not utilize a civil rights suit as a means to undermine confidence in his criminal conviction. *Heck*, 512 U.S. at 481-82 (1994) ("… when establishing the basis for the damages claim necessarily demonstrates the invalidity of the [plaintiff's] conviction … the claimant can be said to be 'attacking ... the fact or length of ... confinement.'"). Here, throughout his complaint Finley repeatedly asserts his innocence and contends that his criminal conviction was the direct product of the conspiracy and malfeasance he

describes in his complaint.  But the Sixth Circuit has previously rejected Finley's attempt to use these same claims as a basis to permit yet another petition for a writ of habeas corpus.  *In re: Ardeth C. Finley, Jr.*, No. 16-5038 (6th Cir. July 1, 2016).  Because Finley has thus far failed to obtain habeas relief from his convictions on these grounds, he may not resort to civil remedies based upon them.  *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's motion requesting a federal investigation into the allegations set forth in his complaint [R. 9] is **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 21st day of  March , 2018.

Signed By:
*William O. Bertelsman* WOB
United States District Judge